UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Vincent R. Griffin,  Case No. 3:17-cv-01051

    Plaintiff

v.  MEMORANDUM OPINION
AND ORDER

John Coleman, et al.,

    Defendants

**BACKGROUND AND HISTORY**

*Pro se* Plaintiff Vincent R. Griffin filed this action under 42 U.S.C. § 1983 against Toledo Correctional Institution ("ToCI") Warden John Coleman, the ToCI Deputy Warden of Operations, the ToCI Deputy Warden of Special Services, and ToCI Sergeant Ronni Morton. In the Complaint, Plaintiff alleges the Defendants obstructed justice when his legal mail was not properly processed, subjected him to cruel and unusual punishment, denied him proper medical and or dental care, and did not assist him with legal research. He seeks monetary damages.

Plaintiff's Complaint and Memorandum in Support of Claims do not contain many facts, making it more difficult for me to understand the basis for his claims. He lists four claims in his Complaint.

For his first claim, Plaintiff states:

> Obstruction of Justice, by means of theft, trashing, holding and
> alleged fraud and or forgery of legal court orders or judgment entry.
> These components is and was being used by staff for the Ohio prison
> system as well as Court clerks in the Ohio courts and federal dist. ct.
> in Columbus, Ohio by way of (Moe) bribed employees on both ends
> (in concert) via Griffin's legal mail.

(Doc. No. 1 at 4). The explanation he provides in his Memorandum is no better stated. He alleges he has ignored improprieties in receiving legal and regular mail at ToCI. He indicates he filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 in this Court on September 16, 2015. This Court transferred the Petition to the Southern District of Ohio because the court in which Plaintiff was convicted is in the Southern Ohio judicial district. He objects to the transfer because he believes there was fraud in another case he filed in the Southern District of Ohio. He contends that in 2011 his legal files were lost or destroy in a transfer between prisons. He indicates that with respect to Ohio Supreme Court Case No. 2013-1899, ToCI, the prosecutor and the clerk at the Supreme court conspired to time bar his Petition. The Court docket in that case indicates Plaintiff filed an Original Action in Procedendo. It was dismissed because Plaintiff did not file an affidavit as required by Ohio revised Code § 2969.25.

For his second claim, Plaintiff alleges he was denied outside recreation and regular showers for thirty days. In the Memorandum, he indicates he was placed in disciplinary segregation for throwing a tray at a corrections officer.

In his third claim, Plaintiff alleges he was denied proper medical and or dental care. He does not elaborate on any medical issue for which he was denied treatment. He does claim he had a dental appointment on May 9, 2017, but Corrections Officer Dusa refused to release him from his cell in segregation to go to the appointment because another officer was supposed to come to the unit to escort Plaintiff. Plaintiff was eventually able to go to his appointment later that day.

Finally, Plaintiff states, without explanation, that the librarian is harassing him and obstructing justice through the school principle who is acting through the Deputy Warden of Special

Services. He indicates he is receiving legal books and cases without any real cooperation, and "these individuals know [his] plight." (Doc. No. 1).

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

As an initial matter, Plaintiff does not assert any claims against the Defendants in the Complaint. He cannot establish the liability of any Defendant absent a clear showing that the

3

Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The Complaint does not contain any factual allegations connecting the Warden, the Deputy Warden of Operations, the Deputy Warden of Special Services or Sergeant Morton to any of Plaintiff's claims for relief.

In addition, Plaintiff fails to state a claim upon which relief may be granted. In his first claim, he objects to this Court's transfer of his habeas petition to the Southern District of Ohio District Court and complains of irregularities in the prison mail at ToCI and the Ohio Supreme Court. He asserts claims for obstruction of justice, theft, fraud, and forgery. None of these supports a federal cause of action.

Similarly, in his fourth cause of action Plaintiff claims the librarian is harassing him and obstructing justice. Aside from the fact that the librarian is not a Defendant in this action, he has not alleged any facts to indicate what she is doing. At best, this cause of action is stated solely as a legal conclusion, which is not sufficient to state a claim. *Iqbal*, 556 U.S. at 678.

Plaintiff's second and third claims could be liberally construed to be asserted under the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A Plaintiff must first plead facts which, if true,

4

establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)

Plaintiff does not satisfy the objective component of an Eighth Amendment claim. The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Plaintiff was held in segregation for thirty days. During that time, he was not permitted to exercise outside and did not receive regular showers. This is not the type of extreme deprivation that invokes the Eighth Amendment. He also contends that Dusa refused to release him from his segregation cell and made him late for his dental appointment. This is not a denial of medical or dental care.

Furthermore, these claims are directed at individuals who are not named as Defendants in this action. There are no facts in the Complaint suggesting the individuals named as Defendants acted with deliberate indifference to satisfy the subjective component of an Eighth Amendment claim.

## CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they fail to state a claim upon which relief may be granted. Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge