UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Vincent R. Griffin,                                           Case No. 3:17-cv-01051

    Plaintiff

v.
                                                     ORDER

John Coleman, et al.,

    Defendants


**BACKGROUND AND HISTORY**

Plaintiff filed an Objection Upon Prejudice and Request [for] Reconsideration (Doc. No. 19). He asks me to take a second look at his original Complaint and Amended Complaint and reinstate his case. He also filed a Motion asking me to schedule a settlement conference (Doc. No. 18). For the reasons stated below, I will deny the Motions.

In the Sixth Circuit, a Motion for Reconsideration is construed as a Federal Civil Rule 59(e) Motion to Alter or Amend Judgment. *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990). Motions to Alter or Amend Judgments, filed pursuant to Fed.R.Civ.P. 59(e), are "entrusted to the court's sound discretion." *Keweenaw Bay Indian Community v. United States*, 940 F.Supp. 1139, 1140 (W.D. Mich.1996) (citing *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir.1982)). They are granted when: (1) there is an intervening change in the controlling law; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error

of law or prevent manifest injustice. *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006); *GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir. 1999). Such Motions, however, are not intended as an instrument to relitigate previously considered issues or to offer the same arguments previously presented. *GenCorp*, 178 F.3d at 834.

Plaintiff's request for reconsideration does not point to an intervening change in controlling law, newly discovered evidence, or a clear error of law. He states I denied his request for discovery and suggests I rushed to judgment. He does not dispute any of the reasons given for dismissing his case. He filed a supplemental pleading which he titles as an Amended Complaint, and states that he added five Defendants. He contends I did not adequately address these claims.

In the supplemental pleading to which Plaintiff refers, he alleges that after he filed his Complaint, he was assaulted by other inmates and transferred to another prison for his safety. Contrary to his statement in his Motion, he did not name any additional Defendants in the caption or body of that pleading; however, he completed marshal forms and summonses for the Ohio Department of Rehabilitation and Correction Director, two Franklin County Common Pleas Court judges, a Sixth Circuit Court of Appeals judge, and a prosecutor. Plaintiff did not mention any of these individuals in his supplemental pleading, nor did he offer an explanation to suggest how these individuals were connected to his assault by other inmates or the decision to transfer him to another prison. Finally, the supplement did not contain any legal claims. It was composed solely of general factual allegations. I re-examined the supplement and did not find anything that would alter my decision to dismiss this action for failure to state a claim upon which relief may be granted.

Therefore, Plaintiff's Objection Upon Prejudice and Request [for] Reconsideration (Doc. No. 19) is denied. I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. Because this case is closed, there is no need to schedule a

settlement conference.  Plaintiff's Motion seeking a settlement conference (Doc. No. 18) is denied as moot.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge